[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-10982

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RENO JOEL DEVEAUX,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20527-RNS-1

————————————————

Before ROSENBAUM, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Reno Deveaux, Jr., appeals his 24-month sentence, imposed after he pleaded guilty to 20 counts of encouraging and inducing aliens to enter the United States: a violation of 8 U.S.C. § 1324(a)(1)(A)(iv), (v)(II). No reversible error has been shown; we affirm.

Briefly stated, Deveaux's convictions stem from these facts. In September 2021, agents with the United States Customs and Border Protection Air and Marine Operations detected a 23-foot vessel near the Bahamas traveling toward the United States. When the vessel crossed into United States waters, agents attempted to stop the vessel using blue lights, sirens, and spotlights. When the vessel failed to stop, agents fired warning shots in front of the vessel. The vessel continued moving. Agents observed the vessel's pilot -- later identified as Deveaux -- crouched under the console and steering erratically. Agents ultimately stopped the vessel by firing disabling shots at the vessel's engine. Upon boarding the vessel, agents discovered a total of 21 people on board (none of whom were United States citizens) and a single lifejacket.

Before sentencing, a probation officer prepared a Presentence Investigation Report ("PSI"). The PSI assigned a total offense level of 21 based on these guideline calculations: (1) a base offense level of 12, U.S.S.G. § 2L1.1(a)(3); (2) a 3-level increase because the

offense involved 20 aliens, U.S.S.G. § 2L1.1(b)(2)(A); (3) an increase to an offense level of 22 because a firearm was discharged, U.S.S.G. § 2L1.1(b)(5)(A); (4) a 2-level increase for "intentionally or recklessly creat[ing] a substantial risk of death or serious bodily injury to another person," U.S.S.G. § 2L1.1(b)(6); and (5) a total 3-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a), (b). Based on a total offense level of 21 and Deveaux's criminal history category of I, the PSI calculated an advisory guidelines range of between 37 and 46 months' imprisonment.

Deveaux filed objections to the PSI. First, Deveaux objected to the seven-point enhancement for discharging a firearm: Deveaux argued the enhancement should not apply when a firearm is discharged by law enforcement and not by the defendant. Deveaux also argued that the district court should apply a three-level reduction -- under U.S.S.G. § 2L1.1(b)(1) -- because he says "the offense was committed other than for profit." Deveaux raised no objections to the enhancements applied for an offense involving 20 aliens and for creating a substantial risk of death or serious bodily injury, under U.S.S.G. § 2L1.1(b)(2)(A) and (b)(6).

The district court overruled Deveaux's objections. The district court adopted the PSI's advisory guideline range of 37 to 46 months. The district court imposed a below-guidelines sentence of 24-months' imprisonment on each count, to run concurrently. At sentencing, the district court also said explicitly that -- even if the district court had sustained Deveaux's objections to the two

challenged guideline provisions -- the court would have imposed the same 24-month sentence.

"We review the district court's interpretation of the Sentencing Guidelines *de novo* and accept its factual findings unless clearly erroneous." *United States v. Barner*, 572 F.3d 1239, 1247 (11th Cir. 2009).

Where -- as in this case -- the district court says that it would have imposed the same sentence irrespective of the disputed guideline calculation, we need not resolve the guideline issue if the sentence imposed is substantively reasonable. *See United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). In determining the reasonableness of the sentence, "we must assume that there was guidelines error -- that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly -- and then ask whether the final sentence resulting from consideration of the [18 U.S.C.] § 3553(a) factors would still be reasonable." *Id*.

We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). In reviewing the substantive reasonableness of a sentence, we consider the totality of the circumstances and whether the sentence achieves the purposes of sentencing stated in section 3553(a). *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

22-10982                Opinion of the Court                5

The purposes of sentencing include promoting respect for the law, providing just punishment, deterring criminal conduct, and protecting the public from further crimes. 18 U.S.C. § 3553(a)(2). A sentencing court should also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the Guidelines range, policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1), (3)-(7). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

If the district court had decided the two disputed guideline issues in Deveaux's favor, Deveaux's advisory guidelines range would have been 18 to 24 months.[*] We must now determine whether the sentence imposed was reasonable, "assuming exactly the same conduct and other factors in the case," but with an

---

[*] This assumed guidelines range is based on a revised total offense level of 15 and a criminal history category of I. *See* U.S.S.G. Ch. 5, pt. A. We calculate the revised total offense level using the following guideline provisions: (1) a base-offense level of 12, U.S.S.G. § 2L1.1(a)(3); (2) a 3-level reduction for an offense "committed other than for profit," U.S.S.G. § 2L1.1(b)(1); (3) a 3-level increase for an offense involving 20 aliens, U.S.S.G. § 2L1.1(b)(2)(A); (4) an increase to an offense level of 18 because "the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person," U.S.S.G. § 2L1.1(b)(6); and (5) a 3-point reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a), (b).

assumed guidelines range of 18 to 24 months, instead of 37 to 46 months. *See Keene*, 470 F.3d at 1350.

Given the totality of the circumstances and the section 3553(a) factors, Deveaux's 24-month sentence is substantively reasonable. Deveaux was involved in a scheme to transport unlawfully 20 non-citizens into the United States aboard an "overloaded" vessel that held only one life jacket. When intercepted by law enforcement, Deveaux attempted to flee, engaged in erratic driving, and prompted law enforcement to fire at the vessel's engine. At the sentencing hearing, the district court observed that Deveaux's offense conduct -- including his refusal to stop for law enforcement -- "could have easily had somebody killed."

On this record, the district court could conclude reasonably that a sentence of 24 months was necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. That the sentence is both within the assumed guidelines range (18-24 months) and well below the maximum statutory penalty (100 years) also supports a finding of reasonableness. *See Gonzalez*, 550 F.3d at 1324; 8 U.S.C. § 1324(a)(1)(B)(ii) (providing a maximum term of imprisonment of five years per alien).

AFFIRMED.